JEFFREY D. GOLDMAN (Bar No. 155589)
*jgoldman@jmbm.com*
TALYA GOLDFINGER (Bar No. 294926)
*tgoldfinger@jmbm.com*
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for BRAVADO
INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEUCE STUDIO, a United Kingdom Partnership,<br><br>         Plaintiff,<br><br>   v.<br><br>ILLEGAL CIVILIZATION LLC, a California Limited Liability Company; ILLEGAL CIV CINEMA, LLC, a California Limited Liability Company; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., a California Corporation,<br><br>         Defendants. | Case No. 2:19-cv-06564-JFW-E<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   January 6, 2020<br>Time:   1:30 p.m.<br>Place:  First Street U.S. Courthouse<br>         350 W. 1st Street<br>         Los Angeles, CA  90012<br>Ctrm:   7A<br>Judge:  Hon. John F. Walter |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on Monday, January 6, 2020, at 1:30 p.m., in courtroom 7A of the above-entitled Court, located at 350 West 1st St., Los Angeles, California 90012, before the Honorable John F. Walter, defendant Bravado International Group Merchandising Services, Inc. ("Bravado") will and hereby does move for an Order dismissing the First Amended Complaint filed by plaintiff Deuce

Studio ("Plaintiff"), without leave to amend, on the grounds that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim for relief, as follows:

1. Plaintiff's First, Second, Third, and Fourth claims for breach of contract rely on a "browsewrap license" of a type that the Ninth Circuit has found insufficient to form a contract or license under applicable law. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014).

2. Plaintiff's Fifth Claim for "Common Law Copyright Infringement" is preempted by the Copyright Act. *Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983), *quoting* 17 U.S.C. § 301(b)(2).

3. Plaintiff's Sixth Claim for "Violation of the Berne Convention" is not a cognizable claim. *Hoopla Sports and Entertainment, Inc. v. Nike, Inc.*, 947 F. Supp. 347, 355 (N.D. Ill. 1996).

4. Plaintiff's Seventh Claim for violation of California Civil Code section 980 is preempted by the Copyright Act. *Grand General Accessories Manufacturing v. United Pacific Industries Inc.*, 2009 WL 10672038, *6 (C.D. Cal. June 11, 2009); *Shanahan v. Macco Constr. Co.*, 224 Cal. App. 2d 327, 340 (1964).

5. Plaintiff's Eighth and Ninth Claims, for unfair competition and conversion, are preempted by the Copyright Act. *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1151 (N.D. Cal. 2007).

Bravado attempted to meet and confer with Plaintiff pursuant to Local Rule 7-3. Plaintiff's counsel stated that it would be easier for him to meet and confer during the week of December 9, because his "clients are in the UK and hard to coordinate with." So, the parties submitted a stipulation to extend the time to meet and confer and, accordingly, Bravado's time to file its motion, but did not receive a ruling before the deadline to file this motion. *See* Declaration of Jeffrey D. Goldman ¶ 3. Bravado will continue to attempt to meet and confer with Plaintiff and will promptly notify the Court if any of the issues raised in this motion can be

1  resolved prior to the hearing.

2      This motion is based upon this Notice, the accompanying Memorandum of
3  Points and Authorities, the First Amended Complaint, the Declaration of Jeffrey D.
4  Goldman filed herewith, the court file, any matters of which this Court may properly
5  take judicial notice or may otherwise consider, any reply Bravado may make, and
6  any further evidence or argument that may be presented to the Court prior to or at
7  the hearing on this motion.

9  DATED:  December 9, 2019    JEFFREY D. GOLDMAN
10     TALYA GOLDFINGER
    JEFFER MANGELS BUTLER &
11     MITCHELL LLP

    By:    */s/ Jeffrey D. Goldman*
13         JEFFREY D. GOLDMAN
14     Attorneys for Defendant Bravado
    International Group Merchandising
15     Services, Inc.

# TABLE OF CONTENTS

Page

Preliminary Statement ........................................................................................... 1

Argument ............................................................................................................... 2

I.    THE FIRST THROUGH FOURTH CLAIMS FOR BREACH OF CONTRACT AND/OR LICENSE DO NOT STATE CLAIMS FOR RELIEF. .......................................................................................................... 3

II.   THE FIFTH CLAIM FOR COMMON LAW COPYRIGHT INFRINGEMENT DOES NOT STATE A CLAIM FOR RELIEF. ................ 6

III.  THE SIXTH CLAIM FOR VIOLATION OF THE BERNE CONVENTION DOES NOT STATE A CLAIM FOR RELIEF. .................... 7

IV.  THE SEVENTH THROUGH NINTH CLAIMS ARE PREEMPTED. ........... 8

Conclusion ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 2

*Bridgeman Art Library, Ltd. v. Corel Corp.*,
   36 F. Supp. 2d 191 (S.D.N.Y. 1999) ....................................................................... 8

*Carell v. The Shubert Org., Inc.*,
   104 F. Supp. 2d 236 (S.D.N.Y. 2000) ..................................................................... 7

*Cort v. St. Paul Fire and Marine Ins. Companies, Inc.*,
   311 F.3d 979 (9th Cir. 2002) ................................................................................... 7

*Dielsi v. Falk*,
   916 F. Supp. 985 (C.D. Cal. 1996) ........................................................................ 10

*Drauglis v. Kappa Map Grp.*,
   LLC, 128 F. Supp. 3d 46 (D.D.C. 2015) ................................................................. 3

*Erie Railway Co. v. Tompkins*,
   304 U.S. 64 (1938) .................................................................................................. 5

*Fahmy v. Jay-Z*,
   908 F.3d 383 (9th Cir. 2018) ................................................................................... 7

*Feldman v. Allstate Ins. Co.*,
   322 F.3d 660 (9th Cir. 2003) ................................................................................... 5

*Goldberg v. Cameron*,
   482 F. Supp. 2d 1136 (N.D. Cal. 2007) ........................................................... 10, 11

*Grand General Accessories Manufacturing v. United Pacific Industries Inc.*,
   2009 WL 10672038 (C.D. Cal. June 11, 2009) ...................................................... 9

*Henry v. Assoc. Indem. Corp.*,
   217 Cal. App. 3d 1405 (1990) ................................................................................. 4

*Hoff v. Walt Disney Pictures*,
   2019 WL 6329368 (C.D. Cal. Aug,. 19, 2019) ..................................................... 10

*Homedics, Inc. v. Valley Forge Ins. Co.*,
 315 F.3d 1135 (9th Cir. 2003) .................................................................................... 5, 6

*Hoopla Sports and Entertainment, Inc. v. Nike, Inc.*,
 947 F. Supp. 347 (N.D. Ill. 1996) ...................................................................................... 7

*Hurtado v. Superior Court*,
 11 Cal. 3d 574 (1974) ........................................................................................................ 5

*Idema v. Dreamworks, Inc.*,
 162 F. Supp. 2d 1129 (C.D. Cal. 2001) .............................................................................. 8

*Jacobsen v. Katzer*,
 535 F.3d 1373 (Fed. Cir. 2008) .......................................................................................... 3

*Kernal Records Oy v. Mosley*,
 794 F. Supp. 2d 1355 (S.D. Fla. 2011) ............................................................................... 6

*Kodadek v. MTV Networks, Inc.*,
 152 F.3d 1209 (9th Cir. 1998) ............................................................................................ 8

*Lanard Toys Ltd. v. Novelty Inc.*,
 511 F. Supp. 2d 1020 (C.D. Cal. 2007) .............................................................................. 9

*Maljack Prods. v. Goodtimes Home Video Corp.*,
 81 F.3d 881 (9th Cir. 1996) ............................................................................................ 8, 9

*Maxtor Corp. v. Read-Rite (Thailand) Co., Ltd.*,
 2003 WL 24902406 (N.D. Cal. Dec. 4, 2003) ................................................................... 5

*Media.net Advertising FZ-LLC v. Netseer, Inc.*,
 198 F. Supp. 3d 1083 (N.D. Cal. 2016) ............................................................................ 10

*Mention v. Gessell*,
 714 F.2d 87 (9th Cir. 1983) ................................................................................................ 6

*Moore v. United Kingdom*,
 384 F.3d 1079 (9th Cir. 2004) ............................................................................................ 2

*Nguyen v. Barnes & Noble Inc.*,
 763 F.3d 1171 (9th Cir. 2014) .................................................................................... 2, 3, 4

*Rasidescu v. Midland Credit Management, Inc.*,
 496 F. Supp. 2d 1155 (S.D. Cal. 2007) .............................................................................. 5

*Saregama India Ltd. v. Young*,
    2003 WL 25769784 (C.D. Cal. Mar. 11, 2003) ................................................... 7, 8

*Shanahan v. Macco Constr. Co.*,
    224 Cal. App. 2d 327 (1964) ............................................................................... 10

*Signorelli v. North Coast Brewing Co. Inc.*,
    2018 WL 5310807 (N.D. Cal. Oct. 25, 2018) ....................................................... 9

*In re Stac Elecs. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996) .................................................................................. 2

*Subafilms, Ltd. v. MGM–Pathe Communications Co.*,
    24 F.3d 1088 (9th Cir. 1994) .................................................................................. 6

*Telesaurus VPC, LLC v. Power*,
    623 F.3d 998 (9th Cir. 2010) .................................................................................. 3

*Worth v. Universal Pictures, Inc.*,
    5 F. Supp. 2d 816 (C.D. Cal. 1997) ..................................................................... 10

**Statutes**

17 U.S.C.
    § 101 ........................................................................................................................ 6
    § 102 .................................................................................................................. 8, 10
    § 301 .................................................................................................................. 8, 9

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 2

California Civil Code section 980 .................................................................................. 9

California Business & Professions Code section 17200 . ............................................ 10

67552688v1                                        iv                    Case No. 2:19-cv-06564-JFW-E
                            Motion to Dismiss First Amended Complaint

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Defendant Bravado International Group Merchandising Services, Inc. ("Bravado") is a Santa Monica-based merchandising company.  The First Amended Complaint of plaintiff Deuce Studio ("Plaintiff") alleges that Bravado marketed and sold a video created by (apparently unserved) co-defendants Illegal Civilization LLC and Illegal Civ Cinema, LLC (the "Illegal Civ Defendants") and related, derivative merchandise, featuring a design resembling part of a tennis court.  Plaintiff claims it owns this design.  Foregoing any claim for infringement under the Copyright Act, the FAC instead alleges that Bravado somehow entered into and breached a "creative commons" license with Plaintiff, the terms of which Bravado is not alleged to have ever assented to, and which were contained only on an internet webpage that Bravado is not alleged to have ever visited, seen, or known about.

If Plaintiff's claims strike this Court as a bit odd, that is because in its original iteration, what is now the FAC was primarily a copyright infringement action, to which Plaintiff appended a series of superfluous, derivative, preempted and otherwise improper claims.  After Bravado initiated a meet and confer under Local Rule 7-3,[1] pointing out (among many other defects) that the Complaint failed to allege registration of the allegedly infringed copyright, Plaintiff's counsel acknowledged that he had sought registration from the Copyright Office, but it was refused on the ground that the design lacked originality.  Declaration of Jeffrey D. Goldman ¶ 2.  Plaintiff stipulated to amend its Complaint, agreeing to also consider Bravado's additional arguments that all of the claims in the Complaint were meritless as a matter of law.  *Id*.

---

[1] Among the topics discussed was that Plaintiff had misindentified Bravado in the original Complaint as various other affiliated entities containing the name "Universal."  The FAC corrects this error, replacing those entities with Bravado alone.

In the FAC, Plaintiff has foregone any claim under the Copyright Act and has restyled its action as one arising only in diversity, primarily for breach of contract and/or license. These theories make up the first four repetitive claims of the FAC. A number of the previously alleged, meritless derivative claims have also returned, without any material modification from the original Complaint.

All of the FAC's nine claims remain meritless as a matter of law:

- The first four claims rely on a "browsewrap license" of a type that the Ninth Circuit has found insufficient to form a contract or license under applicable law. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014).

- The Fifth, Sixth, and Seventh Claims seek to mimic a copyright claim by alleging its equivalent as a "common law" copyright claim, violation of a California statute protecting only unpublished ideas, and "violation of the Berne Convention" treaty. None of this is permissible.

- The Eighth and Ninth Claims, for unfair competition and conversion, are plainly preempted by the Copyright Act under well-established law.

It is now apparent that Plaintiff cannot state a claim against Bravado under any theory, whether it possesses a copyright interest or not. Accordingly, the Court should dismiss the FAC without leave to amend.

## Argument

A motion to dismiss should be granted if the alleged facts are insufficient "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper where a complaint does not allege a viable cause of action. *Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010), *quoting Iqbal*, 556 U.S. at 678.

## I. THE FIRST THROUGH FOURTH CLAIMS FOR BREACH OF CONTRACT AND/OR LICENSE DO NOT STATE CLAIMS FOR RELIEF.

In the First through Fourth Claims, Plaintiff tries to allege a kitchen sink of repetitive contract-based claims against Bravado based upon what Plaintiff refers to as a "creative commons license." FAC ¶¶ 32-35, 58. Creative commons licenses, "often referred to as 'open source' licenses, are used by artists, authors, educators, software developers, and scientists who wish to create collaborative projects and to dedicate certain works to the public." *Jacobsen v. Katzer*, 535 F.3d 1373, 1378 (Fed. Cir. 2008). Like any license, a creative commons license "is governed by the laws of contract[.]" *Drauglis v. Kappa Map Grp.*, LLC, 128 F. Supp. 3d 46, 53 (D.D.C. 2015) (citation omitted), *citing S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989) (relying "on state law to provide the canons of contractual construction"). "While new commerce on the Internet has exposed courts to many new situations, it has not fundamentally changed the principles of contract." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014), *quoting Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004).

"Contracts formed on the Internet come primarily in two flavors: 'clickwrap' (or 'click-through') agreements, in which website users are required to click on an 'I agree' box after being presented with a list of terms and conditions of use; and 'browsewrap' agreements, where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *Nguyen*, 763 F.3d at 1175-76. As alleged in the FAC, Plaintiff's purported license is

of the "browsewrap" variety because it purports to bind the user to "Terms of Use not listed on the site itself but available only by clicking a hyperlink." *Id.* at 1176 (citation omitted); *see* FAC ¶¶ 28-30, 33-35 (terms of license were only available "as a link on the footer on every page where the original design was posted").

"Because no affirmative action is required by the website user to agree to the terms of a contract other than his or her use of the website, the determination of the validity of the browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions." *Nguyen*, 763 F.3d at 1176 (citation omitted). And as a matter of law,

> where a website makes its terms of use available via a conspicuous hyperlink on every page of the website ***but otherwise provides no notice to users nor prompts them to take any affirmative action to demonstrate assent***, even close proximity of the hyperlink to relevant buttons users must click on – without more – is insufficient to give rise to constructive notice.

*Id.* at 1178-79 (emphasis added). Thus, the nature of Plaintiff's alleged browsewrap license – even assuming that the links "on the footer of every page" were "conspicuous" – was insufficient to provide notice of the license terms to any user of the website.

Moreover, even if Plaintiff could claim some kind of browsewrap contract with the Illegal Civilization Defendants (an issue not before the Court on this motion), it is axiomatic that only *parties* to a contract can be liable for its breach. *Henry v. Assoc. Indem. Corp.*, 217 Cal. App. 3d 1405, 1416-17 (1990) (where "[t]here was no direct contractual relationship between [the parties]," there was no basis from which "a breach of contract action could properly spring"). That leaves out Bravado, at least. The FAC does not aver that Bravado created the allegedly infringing video "Illegal Civilization 3" or the merchandise based on that video, but only that Bravado allegedly "marketed and sold" such products on a website. FAC ¶¶ 41-44. If the Illegal Civ Defendants created the video, then came to Bravado to

market and sell it and related merchandise, the only parties to any conceivable license with Plaintiff would be the Illegal Civ Defendants. As merely the alleged marketer and seller of the products, rather than the creator of the video that allegedly first embodied Plaintiff's tennis-court design, Bravado would have had no reason to visit Plaintiff's websites at all.

The FAC also fails to explain how any browsewrap license could be governed by the laws of the United Kingdom (as the First and Third Claims assert without explanation), or how U.K. law differs from U.S. contract law in any relevant respect. The FAC does not allege that the browsewrap license contained any U.K. choice of law provision, and the websites on which Plaintiff's design was allegedly posted were .com and .net domains, not a .uk domain. FAC ¶¶ 27-29, 31, 33. The FAC does not aver that Bravado accessed Plaintiff's websites at all, let alone in the U.K. or with knowledge that it was binding itself to the application of U.K. law. The FAC does not allege that Bravado has done anything in the U.K., nor is such an inference plausible; the FAC alleges that Bravado is a California corporation with its primary place of business in Santa Monica, *id*. ¶ 8, and that "a substantial part of the events giving rise to the claims described in this Complaint occurred in this District," *id*. ¶ 12.

Regardless, in diversity cases, a federal court presumptively applies the law of the forum state in which it sits. *Erie Railway Co. v. Tompkins*, 304 U.S. 64, 71-80 (1938); *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). This includes the forum state's choice-of-law rules. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). The same analysis applies to "situations in which one of the forums is a foreign nation." *Maxtor Corp. v. Read-Rite (Thailand) Co., Ltd.*, 2003 WL 24902406, *4 (N.D. Cal. Dec. 4, 2003); *see Hurtado v. Superior Court*, 11 Cal. 3d 574, 581-87 (1974) (California vs. Mexican law). Under California law, "the proponent of the foreign state law bears the burden of showing a compelling reason justifying displacement of California law." *Rasidescu*

*v. Midland Credit Management, Inc.,* 496 F. Supp. 2d 1155, 1159 (S.D. Cal. 2007). The FAC does not identify any such compelling reason, or even any differences between California and U.K. law on the issue at hand, and Bravado is not aware of any. "When neither party identifies a meaningful conflict between California law and the law of another state, California courts apply California law." *Homedics*, 315 F.3d at 1138.

## II. THE FIFTH CLAIM FOR COMMON LAW COPYRIGHT INFRINGEMENT DOES NOT STATE A CLAIM FOR RELIEF.

Plaintiff's Fifth Claim is for "Common Law Copyright Infringement," again under the law of either California or the U.K. However, "[t]he Copyright Act of 1976 preempts common law copyright claims, unless the claims arose from 'undertakings commenced before January 1, 1978.'" *Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983), *quoting* 17 U.S.C. § 301(b)(2). "Claims arising from infringing activities are 'undertakings.'" *Mention*, 714 F.2d at 90. Since the claims in this case arose decades after January 1, 1978, this claim is preempted. *Id.*

Plaintiff's attempt to rely on the common law of the U.K. is again unavailing. "The applicable law is the copyright law of the state in which the infringement occurred, not that of the state of which the author is a national or in which the work was first published." *Subafilms, Ltd. v. MGM–Pathe Communications Co.*, 24 F.3d 1088, 1097 (9th Cir. 1994). In any event, here the FAC alleges that the work was first published to the general public on the internet, including in the United States, in July 2016. FAC ¶ 31. Accordingly, it is not a U.K. work, but a "United States work" within the meaning of the Copyright Act. 17 U.S.C. § 101 (defining "United States work" as one published "simultaneously in the United States and another treaty party or parties" or "simultaneously in the United States and a foreign nation that is not a treaty party," treaty party meaning a country "that is a party to an international agreement"); *see Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1368 (S.D. Fla. 2011) ("publishing [a work] on a website in Australia was an act

tantamount to global and simultaneous publication of the work, bringing [the work] within the definition of a 'United States work'").

### III. THE SIXTH CLAIM FOR VIOLATION OF THE BERNE CONVENTION DOES NOT STATE A CLAIM FOR RELIEF.

Plaintiff's Sixth Claim is captioned "Violation of Berne Convention." This, too, is not a cognizable claim.

The Berne Convention for the Protection of Literary and Artistic Works, to which the United States acceded in 1988, *Cort v. St. Paul Fire and Marine Ins. Companies, Inc.*, 311 F.3d 979, 985 (9th Cir. 2002), merely "provides that the law of signatory countries that applies to the scope of substantive copyright protection will be applied uniformly to foreign and domestic authors." *Carell v. The Shubert Org., Inc.*, 104 F. Supp. 2d 236, 259 (S.D.N.Y. 2000) (citations omitted). It does not enhance copyright protection in the United States. *Fahmy v. Jay-Z*, 908 F.3d 383, 391 (9th Cir. 2018) ("The Convention guarantees only that holders of foreign copyrights are afforded 'the same protection' as holders of domestic copyrights, a policy known as the 'principle of national treatment'"); *quoting Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 700 (9th Cir. 1995).

Because the Berne Convention "provides no greater or lesser protection for copyright than the Copyright Act itself," it "does not create a separate copyright cause of action" and "cannot be used to support a separate copyright claim." *Hoopla Sports and Entertainment, Inc. v. Nike, Inc.*, 947 F. Supp. 347, 355 (N.D. Ill. 1996).

Nor can Plaintiff use the Berne Convention to establish that its design is copyrightable under some U.K. concept of copyrightability. The Copyright Act "is the exclusive source of protection for Berne Convention works[.]" *Saregama India Ltd. v. Young*, 2003 WL 25769784, *1 (C.D. Cal. Mar. 11, 2003). The Berne Convention does not "extend copyright protection to foreign works which are not 'original' within the meaning of the Copyright Clause. Congress has made it quite

clear that the United States' adherence to the Berne Convention has no such effect in the courts of this country." *Bridgeman Art Library, Ltd. v. Corel Corp.*, 36 F. Supp. 2d 191, 195 (S.D.N.Y. 1999); *see* 17 U.S.C. § 102(a) (limiting copyright protection in relevant part to "original works of authorship"), § 104(c) ("Any rights in a work eligible for protection under this title … shall not be expanded or reduced by virtue of, or in reliance upon, the provisions of the Berne Convention, or the adherence of the United States thereto"). Nor does the Berne Convention "extend[] the remedies available to Plaintiff." *Saregama*, 2003 WL 25769784, at *1. Thus, Plaintiff cannot use a purported claim under the Convention as a palliative to maintain a copyright claim without a U.S. copyright interest (and in the face of a denial of registration by the Copyright Office).

## IV. THE SEVENTH THROUGH NINTH CLAIMS ARE PREEMPTED.

"State laws within the general scope of federal copyright protection are preempted." *Maljack Prods. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996). The Copyright Act expressly preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" of the Copyright Act. 17 U.S.C. § 301. The Ninth Circuit applies the following two-prong test:

> A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. 17 U.S.C. § 301(a) … Second, the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103.

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). So long as a work is of a type that is within the "subject matter of copyright," preemption applies whether or not the plaintiff's work is itself "protected, or even protectable, under the Copyright Act." *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1189 (C.D. Cal.

2001); see *Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1030 (C.D. Cal. 2007) (preemption "applies even where a plaintiff's claim under the Copyright Act fails" because "[t]he shadow actually cast by the Act's preemption is notably broader than the wing of its protection"), *quoting United States Ex Rel. Berge v. Board of Trustees of Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997).

In short, the Copyright Act protects and expressly preempts claims based on misappropriation of "works of authorship that are fixed in a tangible medium of expression." 17 U.S.C. § 301(a). Plaintiff's "limited edition prints" (FAC ¶ 18) are plainly so tangibly fixed. *Signorelli v. North Coast Brewing Co. Inc.*, 2018 WL 5310807, *4 (N.D. Cal. Oct. 25, 2018) ("Eduardo's design took a physical, and hence, tangible form, and was not an intellectual creation that existed only in his mind. Moreover, if Eduardo's designs were 'not fixed in any tangible medium of expression,' there is no infringement because 'there could be no copying ... of a work that has never been expressed in any form'") (citation omitted).

Claims under California Civil Code section 980, except those relating to pre-1972 sound recordings, are generally preempted by the Copyright Act. *Maljack Productions*, 81 F.3d at 888. In its Seventh Claim, Plaintiff seeks to evade such preemption by relying on subsection (b) of Section 980, which provides:

> The inventor or proprietor of any invention or design, with or without delineation, or other graphical representation, has an exclusive ownership therein, and in the representation or expression thereof, which continues ***so long as the invention or design and the representations or expressions thereof made by him remain in his possession***. (Emphasis added.)

However, the FAC concedes that Plaintiff's design did not "remain in [Plaintiff's] possession." Rather, it was published, including "commercial[ly]," on the internet. FAC ¶¶ 27-31. Accordingly, as a matter of law, section 980(b) does not protect Plaintiff's design. *Grand General Accessories Manufacturing v. United Pacific Industries Inc.*, 2009 WL 10672038, *6 (C.D. Cal. June 11, 2009) (granting motion

1  to dismiss claim under section 980(b) where "Plaintiff's works have not remained in
2  its possession, and instead it has sold and marketed its products since 2002"); *see*
3  *Shanahan v. Macco Constr. Co.*, 224 Cal. App. 2d 327, 340 (1964) (housing design
4  was not entitled to § 980(b) common law copyright protection where plaintiffs built
5  a model home and invited the public to visit, among other acts of "publishing").

6      Plaintiff's Eighth and Ninth Claims are for violation of California Business &
7  Professions Code section 17200 *et seq*. (California's "Unfair Competition Law")
8  and common law conversion, respectively.  It is well-established that such claims,
9  when based, as here, upon alleged misappropriation of a work within the subject
10 matter of copyright, are preempted, as in *Goldberg v. Cameron*, 482 F. Supp. 2d
11 1136, 1151 (N.D. Cal. 2007):

> Here, plaintiff bases both his conversion and § 17200 claim
> on rights granted by the Copyright Act – he seeks to recover
> for the misappropriation of "Long Live Music" and the
> musical tracks from his "Energy" work. Nevertheless, he
> contends that these claims are not preempted because the
> remedies for conversion and § 17200 violations differ from
> those provided by the Copyright Act. The remedy for
> violation of the state claim does not inform the court's
> decision, only whether the state law right includes an extra
> element. Plaintiff does not dispute that the state law claims
> in question are based entirely upon the alleged
> misappropriation of his copyrighted works, accordingly, no
> qualifying "extra element" is present.

21 *Id.* at 1151; *accord*, *e.g.*, *Hoff v. Walt Disney Pictures*, 2019 WL 6329368, *5 (C.D.
22 Cal. Aug,. 19, 2019) (conversion and unfair competition); *Media.net Advertising
23 FZ-LLC v. Netseer, Inc.*, 198 F. Supp. 3d 1083, 1087 (N.D. Cal. 2016) (unfair
24 competition); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822-23 (C.D.
25 Cal. 1997) (conversion); *Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996)
26 (conversion).

27     As for the second element – whether plaintiff's work falls within the subject
28 matter of copyright – artistic designs are paradigmatic such works.  17 U.S.C. § 102

("Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression … Works of authorship include … (5) pictorial, graphic, and sculptural works"). Thus, this prong is "easily met." *Goldberg*, 482 F. Supp. 2d at 1151. These claims are preempted.

### Conclusion

The FAC is Plaintiff's second attempt to state a cognizable claim based on the alleged use of its uncopyrighted design. It is just as futile as its first attempt. Thus, the FAC should be dismissed *without* leave to amend.

DATED: December 9, 2019

JEFFREY D. GOLDMAN
TALYA GOLDFINGER
JEFFER MANGELS BUTLER & MITCHELL LLP

By:     */s/ Jeffrey D. Goldman*
            JEFFREY D. GOLDMAN
Attorneys for Defendant Bravado International Group Merchandising Services, Inc.